# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4486 | **DATE** | 11/14/2002 |
| **CASE TITLE** | Rodriguez vs. City of Highland Park | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ____.
(3) ☐ Answer brief to motion due____. Reply to answer brief due____.
(4) ☐ Ruling/Hearing on ____ set for ____ at ____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(7) ☐ Trial[set for/re-set for] on ____ at ____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ____ at ____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants City of Highland Park, Daniel Pierce, David Limardi and Daniel J. Dahlberg have moved to dismiss Plaintiff Lorenzo Rodriguez's Complaint because of his alleged fraud on the Court. Defendants' Motion to Dismiss is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 15 2002 | |
| | Notified counsel by telephone. | date docketed | 64 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| TH✓ | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LORENZO RODRIGUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 01 C 4486 |
| ) | |
| CITY OF HIGHLAND PARK, ) | Judge Amy J. St. Eve |
| DANIEL PIERCE, DAVID LIMARDI, ) | |
| DANIEL J. DAHLBERG, and ) | |
| JERRY CAMERON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendants City of Highland Park, Daniel Pierce, David Limardi and Daniel J. Dahlberg have moved to dismiss Plaintiff Lorenzo Rodriguez's Complaint because of his alleged fraud on the Court. For the reasons discussed below, Defendants' Motion to Dismiss is denied.

## BACKGROUND

Plaintiff is a Mexican citizen who has been living and working in the United States illegally for several years. Plaintiff's true name, which is reflected on his educational certificate from Mexico and his Mexican Military Registration book, is Abel Reyes. Plaintiff, however, has also used the name Lorenzo Rodriguez. For example, in order to obtain employment after he arrived in the United States, Plaintiff obtained counterfeit Social Security and Resident Alien cards bearing the name Lorenzo Rodriguez.

Sometime prior to June of 1999, Highland Park Police stopped Plaintiff for speeding and, because he lacked a driver's license, arrested him. Plaintiff claims that in connection with this arrest, a judge warned him that continued speeding would result in further arrests.

On June 20, 1999, Highland Park Police arrested Plaintiff for drunk driving after he collided with another vehicle. Plaintiff told police his name was Luis Lopez, apparently because Plaintiff was concerned that the judge who had warned him after his earlier arrest would send him to jail. Plaintiff also gave false information concerning his birthday and employment status because he was concerned that the police would discover the name Luis Lopez was fictitious.

On July 1, 1999, the Highland Park Police arrested Plaintiff for obstruction of justice after they discovered that he had used a fictitious name. This time, Plaintiff gave the police the name Lorenzo Rodriguez. Plaintiff also used this name when he appeared before the Lake County Circuit Court, which ultimately ordered that he receive two years of supervision.

On June 14, 2001, Plaintiff filed the instant action against the City of Highland Park, Daniel Pierce, David Limardi, Daniel J. Dahlberg and Jerry Cameron, asserting violations of his constitutional rights under the Fourteenth and Eighth Amendments. Plaintiff alleges that while alone in a jail cell at the police station, Cameron sprayed pepper spray directly into Plaintiff's face causing him extreme pain. Plaintiff contends that Cameron intentionally and unjustifiably assaulted him because he is not Caucasian. Plaintiff claims that Cameron acted pursuant to a municipal policy condoning racial profiling -- i.e., the mistreatment of minorities before and after arrest. He further contends that the other Defendants approved this policy and failed to punish police officers accused of mistreating minorities. Plaintiff filed the action under the name Lorenzo Rodriguez -- the name he had been using with the police when he was allegedly assaulted.[1]

---

[1] Defendants moved to dismiss Plaintiff's Complaint. On January 23, 2002, Judge Hibbler granted that Motion in part and denied it in part, dismissing with prejudice Plaintiff's Eighth Amendment claims.

With one week left on his court-ordered supervision, on September 3, 2001, Highland Park Police again stopped Plaintiff for drunk driving. This time, Plaintiff gave the police his true name, Abel Reyes. Plaintiff claims that he provided the police with the name Abel Reyes because at the time of his arrest he was carrying either his Mexican consular registration or a Wisconsin State Identification Card, both of which bore his true name. Ultimately, Plaintiff was convicted of drunk driving, and the court ordered six months of probation, 21 hours of school, and a $1210 fine.

In connection with the instant action, Defendants served discovery seeking, among other things, information concerning any names or aliases used by Plaintiff. On March 21, 2002, Plaintiff served his answers to interrogatories, where he disclosed for the first time that his name was actually Abel Reyes. The verification to Plaintiff's answers, however, was signed by Lorenzo Rodriguez. Some three weeks later, on April 10 and 12, 2002, Defendants deposed Plaintiff, questioning him extensively about the various names he had given the authorities.

Three days after Plaintiff's deposition, several Defendants moved to stay discovery, noting that they would be moving to dismiss Plaintiff's complaint for alleged identity fraud. Judge Hibbler denied the Motion to Stay, but did not express any opinion on the propriety of dismissal in light of Plaintiff's alleged identity fraud. (*See* R. 61-1, Defs.' Reply Mem., Ex. C, p. 13 ("Okay, certainly, the defense has its right to file motions based upon discoveries that happened during the course of the deposition in this case, but I see no reason why that motion should in any way delay the discovery in this case.").[2]

---

[2] Thus, Judge Hibbler never addressed the question whether Plaintiff's conduct warranted dismissal of his Complaint. Plaintiff's suggestion that Judge Hibbler rejected the relief sought by Defendants and that "the law of the case is that there has been no fraud" is disingenuous.

3

On September 26, 2002, Defendants Pierce, Limardi, Dahlberg and the City filed their Motion to Dismiss, which Cameron later joined. On October 18, 2002, Plaintiff filed a thirty-nine page brief "objecting" to Defendants' Motion to Dismiss. Although this Court's standing rules required that he seek leave before filing a brief in excess of fifteen pages, Plaintiff failed to do so.[3] Moreover, Plaintiff compounded this error by failing to squarely address the allegations raised by Defendants' Motion to Dismiss. Instead, Plaintiff's Objection wasted twenty-eight pages on a rambling, nearly incoherent account of Plaintiff's claims against the Defendants and the history of the Civil Rights statutes. Accordingly, this Court struck Plaintiff's overlong Objection and directed him to file an opposition to Defendants' Motion that complied with the fifteen page limit and addressed the issues raised in Defendants' motion to dismiss.

## ANALYSIS

The concept of "fraud on the court" has been construed very narrowly. The concept involves a particular type of fraud which is "directed to the judicial machinery itself." *In the Matter of Whitney-Forbes, Inc.*, 770 F.2d 692, 698 (7th Cir. 1985) (*quoting Bulloch v. United States*, 721 F.2d 713, 718 (10th Cir.1983)). "When a litigant's conduct abuses the judicial process, dismissal of a lawsuit is a remedy within the inherent power of the court." *Dotson v. Bravo*, 202 F.R.D. 559, 574 (N.D. Ill. 2001) (*quoting Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 694 (8th Cir.2001)). The law favors a trial on the merits, however, *see C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1206 (7th Cir. 1984), and thus, the courts' inherent power to dismiss a lawsuit as a sanction "'should usually be employed only in extreme situations, where there is a clear record of

---

[3] This action was reassigned to this Court's initial calendar pursuant to the Executive Committee's August 14, 2002 Order.

4

delay or *contumacious conduct*, or when other less drastic sanctions have proven unavailable.'" *Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992) (emphasis in original; citations and quotations omitted).

Defendants maintain that dismissal is warranted here because Plaintiff perpetrated a fraud upon the Court when he filed this action under a fictitious name. Defendants suggest that Plaintiff deliberately concealed his true identity in order to gain a litigation advantage. Defendants also argue that Plaintiff never volunteered his true name, instead providing it in only response to their discovery demands. Finally, Defendants suggest that Plaintiff's attorney, Keevan Morgan, was complicit in the alleged fraud.

Defendants argue that this case is analogous to *Dotson v. Bravo*, 202 F.R.D. 559 (N.D. Ill. 2001). In that case, the plaintiff had sued various police officers and the City of Chicago for malicious prosecution arising out of his arrest and prosecution following a confrontation with police. *Dotson*, 202 F.R.D. at 561. During the course of discovery in the civil action, the defendants discovered that the plaintiff had filed the action under the fictitious name "Shaunte Dotson." This name was not a "true alias" because, other than the lawsuit, there was no evidence that the plaintiff had ever been known as "Shaunte Doston." *Id.* at 562 (*citing People v. Gonzalez*, 313 Ill.App.3d 607, 613, 730 N.E.2d 534, 541 (Ill.App.Ct. 2000) ("an alias is an additional name by which a person is known or identified"). The plaintiff had volunteered the fictitious name at the time of his original arrest because in order to conceal his criminal record under his true name. *Id.* at 562-63. As

Magistrate Judge Rosemond noted, the plaintiff's use of the fictitious name gave him several advantages -- for example, denying prosecutors information concerning his criminal history. *Id.* at 563.

The plaintiff continued to use the fictitious name "Shaunte Dotson" in his civil action against various police officers and the City of Chicago. For example, the plaintiff gave the fictitious name in response to the defendants' interrogatories and failed to produce documents noting his true identity. *Dotson*, 202 F.R.D. at 566. Moreover, the plaintiff resisted the opportunity to come clean about his identity until the court granted the defendants' motion to compel, and even then, the plaintiff offered discovery responses that were less than completely forthcoming. As Magistrate Judge Rosemond observed, the plaintiff "impeded defendants' discovery efforts regarding his identity and arrest history at every juncture until his May 25, 2001 deposition [six months after the action was originally filed]." *Id.* at 568.

Confronted with the extensive record of deception and obfuscation in *Dotson*, the court granted the defendants' motion to dismiss the plaintiff's action. Magistrate Judge Rosemond determined that the plaintiff "deliberately planned and carefully executed a scheme to deceive state law enforcement and the state judicial machinery, and that he continued the deceit through lies, misrepresentation, and non-disclosure in federal court." *Dotson*, 202 F.R.D. at 570. Further, Magistrate Judge Rosemond concluded that the plaintiff's conduct "interfered with and obstructed the 'judicial process' a process which 'clearly includes a party's right to full, complete and truthful discovery.'" *Id.* at 573 (citation omitted). Noting that the court's inherent power to dismiss an

action is essential to a trial court's ability to manage its caseload and protect the interests of litigants, Magistrate Judge Rosemond held that dismissal was warranted in light of the plaintiff's perjury and fraud. *Id.* at 576.

Plaintiff's alleged misconduct falls short of the misconduct in *Dotson*, however, and thus, dismissal would not be appropriate here. First, Plaintiff's use of the name Lorenzo Rodriguez was less egregious because that name qualified as a "true alias." Indeed, Defendants concede that Plaintiff had used the name in connection with his efforts to secure employment after he arrived in the United States. Unlike in *Dotson*, therefore, Plaintiff did not invent a fictitious name solely for the purpose of deceiving the police or the courts.

Second, Plaintiff disclosed his true name in response to Defendants' discovery and testified extensively in his deposition about the various names he had used with the authorities. This is in stark contrast to *Dotson*, where the plaintiff supplied false and misleading responses in discovery, gave perjured deposition testimony, and came clean regarding his identity reluctantly and only after the court granted the defendants' motion to compel. *Dotson*, 202 F.R.D. at 566-68.

Defendants argue that Plaintiff's disclosure in this case cannot be considered truly voluntary coming, as it did, only in response to Defendants' discovery. Defendants argue, in other words, that Plaintiff's disclosure was not voluntary because he was required to provide this information under the Federal Rules. In this sense, however, no disclosure of potentially relevant information after the commencement of litigation could ever be considered truly voluntary, if only in light of the initial disclosure requirements and the ongoing duty to supplement under Rule 26.

Plaintiff might have attempted to prolong the deception by giving false or misleading answers in response to Defendants' discovery and by withholding production of certain documents, but this

7

Plaintiff did not do so. *Cf. Miller v. Hoffman*, No. A 97-7987, 1999 WL 415397, at *10 (E.D. Pa. June 22, 1999) (denying motion to dismiss where plaintiff had filed suit under an alias but later testified about his true identity during his deposition); *see also Morris v. McMaster-Carr Supply Co.*, No. 01 C 6349, 2002 WL 1290390, at *3 (N.D. Ill. June 10, 2002) (refusing to dismiss the plaintiff's complaint for supplying false information in his discovery responses, in part because the plaintiff "did come clean at his deposition").

To be sure, Plaintiff should have used his true name from the outset, and the reasonable time to have disclosed his true name would have been when he filed his complaint in this action. Plaintiff's counsel argues that the timing of Plaintiff's disclosure was reasonable because he suggests that he learned his client's true name sometime on March 18, 2002 and that he disclosed this information to Defendants very shortly thereafter. Mr. Morgan's affidavit, however, is somewhat vague on this question. He claims that he learned his client's true identity on March 18, 2002, but does not rule out that he may have simply forgotten this information or failed to previously understand it. (*See* R. 59-1, Pl.'s Obj. to Defs.' Mot. to Dismiss, Aff. of Keevan D. Morgan at ¶ 4.)

As Defendants point out, Plaintiff's "disclosure at the first reasonable time" argument ignores Mr. Morgan's obligations under the Federal Rules to scrutinize his client's allegations prior to filing the complaint. *See* Fed. R. Civ. P. 11(b)(3) ("By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief,

8

formed after an inquiry reasonable under the circumstances, . . . the allegations and other factual contentions have evidentiary support . . . "). Regardless when Mr. Morgan became aware of Plaintiff's true identity, however, Plaintiff's alleged misconduct does not measure up to the plaintiff's misconduct conduct in *Dotson*.

Third, any prejudice to Defendants caused by Plaintiff's failure to disclose his true identity is minimal compared to the prejudice suffered by the *Dotson* defendants. Indeed, there is no suggestion that Defendants are still lacking information concerning Plaintiff's background. To the contrary, Defendants have apparently assembled a detailed timeline of Plaintiff's earlier attempts to confuse the authorities by using various other names or aliases. Defendants have apparently received documentation concerning Plaintiff's use of various names with the authorities, and they were able to question him thoroughly on this issue in his deposition. Thus, it appears that the prejudice to Defendants here has been limited.

## CONCLUSION

For these reasons, Defendants' Motion to Dismiss is denied.

DATED: November 14, 2002           ENTERED

_____
AMY J. ST. EVE
United States District Judge

9